## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| SYSCO INDIANAPOLIS LLC, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:22-cv-131 |
| LOCAL 135, INTERNATIONAL BROTHERHOOD OF TEAMSTERS. | ) |
| Defendant. | ) |

### COMPLAINT FOR DECLARATORY RELIEF

Plaintiff Sysco Indianapolis LLC, an Indiana corporation, by its attorneys, Dinsmore & Shohl LLP, for its Complaint against Defendant Local 135, International Brotherhood of Teamsters, states as follows:

### Background and Introduction

The Defendant, Local 135, has requested arbitration of a grievance filed by a retiree seeking pension benefits. The grievance is premised under the parties' collective bargaining agreement and not the pension plan the grievant participates in. The Plaintiff, Sysco Indianapolis, is asking the Court for a declaratory judgment holding that the parties never agreed to arbitrate grievances by retirees seeking to establish or enforce pension benefits.

### The Parties

1. Sysco Indianapolis LLC ("Sysco" or "Employer") is an Indiana corporation which operates a food service warehouse and transportation facility in Indianapolis, Indiana.

2. Sysco employs employees at its operation in Indianapolis and in several "domicile yards" whose work is covered by the collective bargaining agreement alleged in this complaint and is within the jurisdiction of this Court.

3. Sysco is an employer as defined by the National Labor Relations Act ("NLRA"), 29 USC § 152(2).

4. Defendant Local 135, International Brotherhood of Teamsters ("Local 135" or "Union"), is a labor organization, as defined by the NLRA, 29 USC § 152(5), which represents and/or acts on behalf of certain employee members who are employed by Sysco throughout its operations. Local 135 maintains its offices at 1233 Shelby Street, Indianapolis, Indiana.

5. Local 135's duly authorized officers and agents have engaged in representative activity on behalf of employee members of the Employer within the jurisdiction of the Court.

6. Sysco and the Union entered into a collective bargaining agreement with the stated term of March 4, 2018 through March 3, 2023 ("The 2018 Agreement").  A true and accurate copy of The 2018 Agreement is attached hereto as Exhibit A.

7. The parties have a present, ongoing dispute as to whether Sysco has the obligation to arbitrate a grievance filed by Local 135 seeking certain pension benefits for retired members. Local 135 asserts that Sysco must resolve this dispute in arbitration under its current collective bargaining agreement.  Sysco avers that it has no such obligation because the exclusive remedy and forum for resolution of pension benefit entitlements is the dispute resolution provision of the pension plan, in which certain employees are eligible to participate under the parties' collective bargaining agreement, and because the current collective bargaining agreement does not provide any benefits for retirees.

8.

## Jurisdiction and Venue

9. This is a complaint for declaratory judgment filed pursuant to 28 USC § 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

10. This Court also has subject matter jurisdiction over this action pursuant to 29 USC § 185(a), which provides the federal court jurisdiction for suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined by the NLRA without respect to the amount in controversy.

11. Venue is proper in this Court generally under 28 U.S.C. § 1391 and specifically under 29 U.S.C § 185(a) and (c), which provide jurisdiction over a labor organization if the labor organization's duly authorized officers and agents are engaged in representing or acting for employee members who perform work within the district where the action is filed.

## Count I - Declaratory Relief

12. Plaintiff incorporates by reference paragraphs 1 through 10 as if fully set forth herein.

13. The parties currently have an enforceable collective bargaining agreement ("The 2018 Agreement"). The 2018 Agreement has been effective since March 4, 2018.

14. Article 9 of The 2018 Agreement contains the arbitration and grievance procedure language.

15. In the Preamble to The 2018 Agreement, the parties agreed that "a grievance is defined to be any controversy, complaint or dispute arising as to the interpretation or application of or the compliance with <u>any provisions on this Agreement</u>." (emphasis added).

16. Under The 2018 Agreement, grievances require the participation of the aggrieved "employee." Art. 9 Step 1. "Any employee believing he has a grievance must discuss it with his

3

immediate supervisor within ten (10) working days of the occurrence of the event which gave rise to the grievance, specifically identifying it as a grievance." *Id*. Step 1. If the grievance is not settled at Step 1, "the grievance will be reduced to writing by the employee and presented to the supervisor within five (5) working days of the Step 1 answer. A meeting will be held with the supervisor, employee and shop steward in an effort to resolve the grievance." *Id*. Step 2.

17. Pursuant to The 2018 Agreement, grievances which are not resolved in the step process may be referred to arbitration.

18. Pursuant to The 2018 Agreement, the arbitrator's jurisdiction is limited: "He shall have no authority to add to, detract from, alter, amend or modify any provision of this Agreement." Art. 9 Step 5.

19. The arbitration provision does not mandate arbitration for any and all disputes between these parties and is silent with regard to any disputes concerning retirement benefits.

20. The 2018 Agreement's sole provision related to pensions applies only to *employees*. The provision provides "regular and full time employees" the opportunity to participate in a separate pension plan: "Full time and regular employees hired before May 15, 2018 shall be eligible for enrollment in the Sysco Corporation Retirement Plan and the Sysco Corporation Employees' 401(k) Plan, subject to all rights, terms and conditions of this Plan including any and all additions, deletions or modifications made to any and all terms, conditions and benefits of this Plan made during the term of this Agreement."

21. Pursuant to the terms of the Agreement, only employees, then, have any opportunity to participate in the Sysco Corporation Retirement Plan and the Sysco Corporation Employees' 401(k) Plan.

22. Retirees are not subject to The 2018 Agreement and therefore, have no rights, duties, or obligations under The 2018 Agreement.

23. The Sysco Corporation Retirement Plan ("Plan") is an entity separate from the parties, and its written plan establishes the entitlement of retirees to participate in the Plan to receive pension benefits. Plan, Appendix J.

24. The Plan governs the entitlement and administration of Supplemental Early Retirement Benefits and related service credit for retirees from Sysco Indianapolis. Appendix J.04.

25. The Plan establishes a process for challenging determinations of the Plan with regard to benefits payable to a Beneficiary, or a "Claimant," under Article 10 of the Plan. Art. 10.01. Specifically, the Plan provides: "A claimant shall have no right to seek review of a denial of benefits, or to bring an action in any court to enforce a claim for benefits, prior to filing a claim for benefits and exhausting his rights to review hereunder." *Id.*

26. Claimants who are denied benefits upon administrative review of their claim have a right of review of that denial under the Plan. Art. 10.01(c).

27. Claimants who are denied benefits upon administrative review are eligible to sue the Plan under the Employee Retirement Income Security Act and are entitled to notice of that right. Art. 10.01(e).

28. The Plan is not a party to The 2018 Agreement, and therefore, is not subject to or governed by The 2018 Agreement.

29. On January 8, 2019, Local 135, by one of its Members, John Smith, filed a grievance on the standard grievance form utilized by Local 135 titled a "Grievance on Behalf of John Smith (and) all <u>future retirees</u>." (emphasis added). ("January 8 Grievance.")

30. The January 8 Grievance alleges that "John is entitled to an additional 500 a month until age 65. He is <u>currently</u> not receiving this money. Make whole in all ways." *Id.* (emphasis added). On January 8, 2019, the date on which John Smith filed the grievance, John Smith was a retiree, not a Sysco Indianapolis employee.

31. The January 8 Grievance alleges a violation of Article 18 of The 2018 Agreement and "all other articles that may apply" and seeks an additional $500 a month payment from Sysco until age 65 in extra benefits to Mr. Smith exclusively.

32. The 2018 Agreement does not obligate the parties to arbitrate retiree grievances.

33. The parties have not otherwise agreed to empower arbitrators to resolve a grievance against Sysco by retirees.

34. The parties have not agreed to empower arbitrators to establish or enforce Supplemental Early Retirement Benefits, or any benefit exclusively reserved to administration under the Plan, to retirees.

35. The sole method of resolving alleged failures of the Plan to pay benefits to retirees is for the retirees to prosecute claims under the dispute resolution provisions of the Plan and, if necessary, initiate ERISA actions against the Plan.

36. The January 8 Grievance is not an arbitrable claim pursuant to The 2018 Agreement and should therefore, not be arbitrated.

37. Local 135 seeks to force Plaintiff to arbitrate the January 8 Grievance even though the grievance is not arbitrable.

38. Plaintiff asks this Court to determine the parties' rights and remedies with regard to The 2018 Agreement and the January 8 Grievance.

39. There is an actual and present controversy between the parties concerning their interpretation of The 2018 Agreement and the parties' rights and responsibilities with regard to the January 8 Grievance and the Plan.

40. This Court has the authority to determine the rights of the parties in connection with their dispute, namely whether the January 8 Grievance should be arbitrated or pursued through the Plan.

41. A declaratory order here would be practical, promote judicial administration, and be in the public interest and in the interest of members of the parties to this Action who are subject to The 2018 Agreement and Plan.

42. This dispute is ripe for adjudication, as the January 8 Grievance is currently pending to be arbitrated. The parties have agreed to stay the arbitration pending the final disposition of this action in the United States courts.

43. Plaintiff seeks a declaratory judgment from the Court as follows:

   a. The parties' 2018 Agreement is in full force and effect;

   b. The parties' 2018 Agreement provides for arbitration of grievances filed by employees in only limited circumstances;

   c. The January 8 Grievance was filed by a retiree, rather than an employee;

   d. Retirement benefits are controlled by the Plan, rather than Plaintiff;

   e. Employees and/or retirees who have disputes with regard to their retirement benefits must pursue relief for those disputes through the process outlined in the Plan;

   f. The January 8 Grievance filed by Defendant Local 135 therefore is not arbitrable; and

    g. Because the parties have no obligation to arbitrate the January 8 Grievance, Defendants may not compel Plaintiff to arbitrate the January 8 Grievance.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter an order declaring that the January 8, 2019 grievance by Defendant Local 135 is not arbitrable because the parties never empowered arbitrators to resolve grievances for the benefit of retirees and because the payment of pension benefits is to be administered by the Plan.

    Respectfully Submitted,

    SYSCO INDIANAPOLIS LLC

    By Counsel,

    /s/ Alyson M. St. Pierre
    Alyson M. St. Pierre, # 35375-53
    DINSMORE & SHOHL LLP
    211 North Pennsylvania Street
    One Indiana Square, Suite 1800
    Indianapolis, IN 46204-4208
    Tel:    (317) 639-6151
    Fax:    (317) 639-6444
    Email:  Aly.StPierre@dinsmore.com

    Counsel for Plaintiff

23970719.1